**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANKLIN L. GRAMMER, JR.,

      Petitioner - Appellant,

v.

M. SAUERS, Warden, Ellsworth
Correctional Facility; ATTORNEY
GENERAL STATE OF KANSAS,

      Respondents - Appellees.

No. 17-3261
(D.C. No. 5:16-CV-03170-EFM)
(D. Kan.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

In June 2009, Franklin L. Grammer, Jr., killed his ex-wife, Betty Grammer

(Betty). On that day, she was painting a house in Johnson County, Kansas, with Jeff

Robinson and Samuel Shanks. Grammer walked up to her, put her in a headlock, and

shot her in the head. He then walked across the front yard of the residence holding the

gun in a ready position apparently looking for Robinson and Shanks. He never found

them: they had fled the scene and hid. He left and was later apprehended in California.

Grammer was initially charged in state court with the premediated first-degree

murder of Betty. He eventually pled guilty to second-degree murder of Betty (Count 1)

and no-contest to attempted first-degree murder of Shanks (Count 2). He requested a sentence of 240 months in prison, a downward departure from the presumptive sentence of 294 months. The sentencing judge denied that request and sentenced him to 294 months imprisonment.[1] Grammer appealed from that denial. The Kansas Court of Appeals dismissed the appeal for want of jurisdiction, concluding it lacked authority to review his sentence because the sentencing judge had imposed the presumptive term of imprisonment for the crimes. *See State v. Grammer*, No. 104,862, 2011 WL 3558314, at *1 (Kan. Ct. App. Aug. 12, 2011) (unpublished) (citing Kan. Stat. Ann. § 21-4721(c)(1) (appellate court shall not review any sentence within the presumptive sentencing range for the crime)).

Grammer filed a motion for post-conviction relief under Kan. Stat. Ann. § 60-1507. He argued: (1) there was an insufficient factual basis to support his conviction on Count 2 and (2) his appellate counsel was ineffective for failing to raise this issue on direct appeal. After holding an evidentiary hearing, the trial court denied the motion. The Kansas Court of Appeals affirmed. *See Grammer v. State*, No. 111,967, 2015 WL 5036829 (Kan. Ct. App. Aug. 21, 2015) (unpublished).

It concluded the proffer made by the State at the change of plea hearing "clearly

---

[1] In the district court, Grammer initially stated he was sentenced to 294 months imprisonment. Upon further research, he reported it to be 274 months. He is mistaken. According to the Johnson County Court's public docket, he was sentenced to a total term of 294 months imprisonment. *See* http://www.jococourts.org/CrRoa.aspx (Case No. 09-CR-01462) (Aug. 11, 2010). It appears his confusion comes from the Kansas Court of Appeals' decision affirming the denial of his state petition for post-conviction relief, which stated he was sentenced to 274 months imprisonment. *See Grammer v. State*, No. 111,967, 2015 WL 5036829, at *3 (Kan. Ct. App. Aug. 21, 2015) (unpublished).

and sufficiently supported a factual basis for Grammer's plea of no-contest to attempted first-degree murder with Shanks as the victim." *Id*. at *7. That proffer noted Shanks had witnessed Betty's murder and had run from the residence believing he would be the next victim. *Id*. at *2. It also explained that the residents of the house being painted saw Grammer walk across their front yard holding the handgun "in a ready position as if he was looking for other people." *Id*. (quotation marks omitted). One of the owners also said that based on Grammer's demeanor, it looked as though he was pursuing the other painters to do them harm. *Id*.

The court also decided appellate counsel's performance was not deficient under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id*. at *6. It concluded "appellate courts lack jurisdiction to review challenges to the factual basis for a plea when, as in this case, the defendant has failed to file a motion to withdraw plea [with] the [trial] court." *Id*. at *6. As a result, had appellate counsel raised the factual basis issue on appeal, the appellate court would have dismissed it. *Id*. Appellate counsel had no obligation to raise a meritless issue. *Id*. The Kansas Supreme Court denied review on June 21, 2016.

Grammer's pro se 28 U.S.C. § 2254 habeas petition raises the same claims as those raised in his state petition for post-conviction relief.[2] The district judge denied relief, concluding the Kansas Court of Appeals' decision was neither (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

---

[2] Due to Grammer's pro se status, we have liberally construed his pleadings, stopping short, however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

by the Supreme Court of the United States" nor (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). He also denied a certificate of appealability (COA). Grammer renews his request here.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). He has not met his burden.

Grammer continues to contest the factual basis for his no-contest plea to Count 2, arguing he never attempted to murder anyone.[3] He calls the State's story that he did a "blatant lie." (Appellant's Form COA Application at 2.) He points out that the attempted murder charge was not an original charge and he was only charged with it as part of his plea bargain, which did not occur until a year after the proceedings commenced. According to him, "if an actual Attempted Murder had occurred then no law-abiding [District Attorney] would have failed to file those charges from the very beginning." (*Id.* at 4.) He claims (correctly) that he raised this issue in the district court but the judge

---

[3] Grammer does not raise his ineffective assistance of appellate counsel claim in his COA application.

- 4 -

never addressed it. He also provides for the first time in his COA application witness statements taken the day of the incident and his own affidavit which, he claims, refute his attempted murder conviction.

The record reveals the attempted murder charge occurred as the result of plea negotiations. Grammer was originally charged with the premediated first-degree murder of Betty, which carried a potential sentence of life imprisonment. *See* http://www.jococourts.org/CrRoa.aspx (Case No. 09-CR-01462) (June 10, 2009). Initially, the State refused to allow him to plead to lesser charges. *See Grammer*, 2015 WL 5036829, at *5. However, it eventually decided to allow Grammer to plead to lesser charges so long as they produced a sentence close to 25 years imprisonment. *Id.* The parties agreed to amend the charges to the second-degree murder of Betsy and the attempted first-degree murder of Shanks.[4] *Id.* That Grammer was not originally charged with the attempted murder of Shanks does not undermine his attempted murder conviction. Plea negotiations frequently result in defendants pleading guilty to charges different than those originally charged. And those negotiations often do not occur until later in the proceedings.

Grammer did not produce the witness statements or his affidavit in the district court. We would normally not consider them. *See John Hancock Mut. Life Ins. Co. v.*

---

[4] Robinson was initially named as the victim in the attempted murder charge. *See Grammer*, 2015 WL 5036829, at *5. Grammer refused, however, to plead to any charge containing Robinson's name, as he believed Robinson and Betty were lovers. *Id.* Defense counsel suggested changing the victim to Shanks and the parties agreed the facts supported such a charge. *Id.*

*Weisman*, 27 F.3d 500, 506 (10th Cir. 1994) (noting we ordinarily do not consider evidence offered for the first time on appeal). Nevertheless, even considering them, they do not help him.

Grammer points to Shanks' and Robinson's statements to the police that they had both hid from Grammer and had not been chased. But the fact both victims were able to avoid harm does not refute Grammer's <u>attempted</u> murder conviction. The factual basis for Count 2 was based in large part on the observations of the residents of the house being painted. Grammer accuses one of the residents of being "a liar." (Appellant's Form COA Application, Ex. J.) But he conveniently ignores the fact that he agreed with the factual basis at the change of plea hearing and pled no-contest to Count 2, completely contrary to his affidavit now alleging he did not attempt to murder anyone. While he claims for the first time in his COA application that his trial counsel coerced and manipulated him to plead to and agree with the factual basis of Count 2, we do not consider this claim because he never raised it with the state courts or with the district court. *See* 28 U.S.C. § 2254(b)(1) (requiring a § 2254 petitioner to first exhaust available state court remedies); *Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005) (declining to consider additional ineffective assistance of counsel claims that habeas petitioner did not present to the district court); *Hicks v. Gates Rubber Co.*, 928 F.2d 966, 970 (10th Cir. 1991) (stating "the general rule that an appellate court will not consider an issue raised for the first time on appeal").

Because the result reached by the district judge is not reasonably debatable,[5] we **DENY** a COA and **DISMISS** this matter.

The judge allowed Grammer to proceed in the district court without prepayment of fees (*in forma pauperis* or *ifp*). That determination carries over to this appeal because the judge did not certify otherwise. *See* Fed. R. App. P. 24(a)(3) (a party permitted to proceed *ifp* in the district court may proceed *ifp* on appeal without further authorization unless the district court certifies in writing the appeal is not taken in good faith or a statute provides otherwise). But only the prepayment of fees is excused. *See* 28 U.S.C. § 1915(a). Grammer is required to pay all filing ($5.00) and docketing fees ($500.00). Payment must be made to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[5] The judge concluded the Kansas Court of Appeals' decision denying Grammer's state petition for post-conviction relief satisfied neither standard for relief under § 2254(d). That conclusion is not reasonably debatable. He did not specifically address Grammer's argument that the State's failure to initially charge him with attempted murder demonstrates there was no factual basis to support the charge. We have considered the argument and found it to be without merit; it is certainly not reasonably debatable.